COPY

1 │ KIM W. WEST, State Bar No. 78553
*kim.west@clydeco.us*
2 │ ALEC H. BOYD, State Bar No. 161325
*alec.boyd@clydeco.us*
3 │ CLYDE & CO US LLP
101 Second Street, 24th Floor
4 │ San Francisco, California 94105
Telephone: (415) 365-9800
5 │ Facsimile: (415) 365-9801

6 │ Attorneys for ARCH INSURANCE
COMPANY and ACE AMERICAN
7 │ INSURANCE COMPANY,

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 │ ARCH INSURANCE COMPANY and    Case No. CV12- 06290 (AB(FFMx)
12 │ ACE AMERICAN INSURANCE
COMPANY,
13                                 COMPLAINT FOR INTERPLEADER

Plaintiffs,
14
v.
15
MICHAEL W. PERRY, A. SCOTT
16 │ KEYS, LOUIS E. CALDERA, LYLE
E. GRAMLEY, HUGH M. GRANT,
17 │ PATRICK C. HADEN, TERRANCE G.
HODEL, ROBERT L. HUNT II,
18 │ LYDIA H. KENNARD, BRUCE G.
WILLISON, JOHN OLINSKI, S.
19 │ BLAIR ABERNATHY, SAMIR
GROVER, SIMON HEYRICK,
20 │ VICTOR H. WOODWORTH, SCOTT
VAN DELLEN, RICHARD KOON,
21 │ KENNETH SHELLEM, WILLIAM
ROTHMAN, JILL JACOBSON, and
22 │ KEVIN CALLAN,

23          Defendants.

24

25

26

27

28

COMPLAINT FOR INTERPLEADER

1

**INTRODUCTION**

2      1.      ARCH INSURANCE COMPANY ("Arch") and ACE AMERICAN

3  INSURANCE COMPANY ("ACE") (collectively, the "Plaintiffs" or the "07-08

4  Side A Insurers") seek to interplead their respective policy limits.

5

**PARTIES**

6      2.      Arch is an insurance company incorporated in the state of Missouri

7  with its principal place of business in the state of New York.

8      3.      ACE is an insurance company incorporated in Pennsylvania with its

9  principal place of business in Pennsylvania.

10      4.      Subject to the terms, conditions and limitations of their insurance

11  policies, Plaintiffs provide "Side A" insurance to the directors, officers, or members

12  of the Board of Management of IndyMac Bancorp, Inc. and its subsidiaries for the

13  policy period of March 1, 2007 to March 1, 2008 (the "07-08 Policy Period").

14  Plaintiffs are informed and believe, and thereon allege, that each of defendants was

15  a director, officer, or member of the Board of Management of IndyMac Bancorp,

16  Inc., or one of its subsidiaries.

17      5.      Plaintiffs are informed and believe, and thereon allege, that defendant

18  MICHAEL W. PERRY was the Chairman of the Board, Director, and Chief

19  Executive Officer of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. Plaintiffs

20  are informed and believe, and thereon allege that Mr. Perry is a resident of the state

21  of California.

22      6.      Plaintiffs are informed and believe, and thereon allege, that defendant

23  A. SCOTT KEYS was the Executive Vice President and Chief Financial Officer of

24  IndyMac Bancorp, Inc. Plaintiffs are informed and believe, and thereon allege, that

25  Mr. Keys is a resident of the state of California.

26      7.      Plaintiffs are informed and believe, and thereon allege, that defendant

27  LOUIS E. CALDERA was a Director of IndyMac Bancorp, Inc. Plaintiffs are

28

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

2

1 informed and believe, and thereon allege, that Mr. Caldera is a resident of the state

2 of Maryland.

3         8.     Plaintiffs are informed and believe, and thereon allege, that defendant

4 LYLE E. GRAMLEY was a Director of IndyMac Bancorp, Inc. and IndyMac Bank,

5 F.S.B. Plaintiffs are informed and believe, and thereon allege, that Mr. Gramley is a

6 resident of the state of Maryland.

7         9.     Plaintiffs are informed and believe, and thereon allege, that defendant

8 HUGH M. GRANT was a Director of IndyMac Bancorp, Inc. Plaintiffs are

9 informed and believe, and thereon allege, that Mr. Grant is a resident of the state of

10 California.

11       10.     Plaintiffs are informed and believe, and thereon allege, that defendant

12 PATRICK C. HADEN was a Director of IndyMac Bancorp, Inc. and IndyMac

13 Bank, F.S.B. Plaintiffs are informed and believe, and thereon allege, that Mr. Haden

14 is a resident of the state of California.

15       11.     Plaintiffs are informed and believe, and thereon allege, that defendant

16 TERRANCE G. HODEL was a Director of IndyMac Bancorp, Inc. and IndyMac

17 Bank, F.S.B. Plaintiffs are informed and believe, and thereon allege, that Mr. Hodel

18 is a resident of the state of California.

19       12.     Plaintiffs are informed and believe, and thereon allege, that defendant

20 ROBERT L. HUNT II was a Director of IndyMac Bancorp, Inc. and IndyMac Bank,

21 F.S.B. Plaintiffs are informed and believe, and thereon allege, that Mr. Hunt is a

22 resident of the state of California.

23       13.     Plaintiffs are informed and believe, and thereon allege, that defendant

24 LYDIA H. KENNARD was a Director of IndyMac Bancorp, Inc. and IndyMac

25 Bank, F.S.B. Plaintiffs are informed and believe, and thereon allege, that Ms.

26 Kennard is a resident of the state of California.

27       14.     Plaintiffs are informed and believe, and thereon allege, that defendant

28 BRUCE G. WILLISON was a Director of IndyMac Bancorp, Inc. and IndyMac

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

COMPLAINT FOR INTERPLEADER

1  Bank, F.S.B.  Plaintiffs are informed and believe, and thereon allege, that Mr.

2  Willison is a resident of California.

3       15.    Plaintiffs are informed and believe, and thereon allege, that defendant

4  JOHN OLINSKI was Executive Vice President of Secondary Marketing & Retained

5  Assets of IndyMac Bank, F.S.B. and Chairman of the Board, Chief Executive

6  Officer and Director of IndyMac MBS, Inc.  Plaintiffs are informed and believe, and

7  thereon allege, that Mr. Olinski is a resident of the state of California.

8       16.    Plaintiffs are informed and believe, and thereon allege, that defendant

9  S. BLAIR ABERNATHY was Chief Financial Officer of IndyMac Bancorp, Inc.,

10  Executive Vice President and Chief Investment Officer of IndyMac Bank, F.S.B.,

11  Chief Executive Officer and Chairman of the Board of IndyMac ABS, Inc., and

12  Executive Vice President and Director of IndyMac MBS, Inc.  Plaintiffs are

13  informed and believe, and thereon allege, that Mr. Abernathy is a resident of the

14  state of California.

15       17.    Plaintiffs are informed and believe, and thereon allege, that defendant

16  SAMIR GROVER was Senior Vice President of IndyMac Bank, F.S.B., Chief

17  Financial Officer of IndyMac ABS, Inc. and Chief Financial Officer, Senior Vice

18  President, and Principal Accounting Officer of IndyMac MBS, Inc.  Plaintiffs are

19  informed and believe, and thereon allege, that Mr. Grover is a resident of California.

20       18.    Plaintiffs are informed and believe, and thereon allege, that defendant

21  SIMON HEYRICK was Senior Vice President and Chief Financial Officer of

22  IndyMac MBS, Inc.  Plaintiffs are informed and believe, and thereon allege, that Mr.

23  Heyrick is a resident of California.

24       19.    Plaintiffs are informed and believe, and thereon allege, that defendant

25  VICTOR H. WOODWORTH was Vice President and Assistant Secretary of

26  IndyMac MBS, Inc. and Assistant Secretary of IndyMac ABS, Inc.  Plaintiffs are

27  informed and believe, and thereon allege, that Mr. Woodworth is a resident of the

28  state of California.

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

20. Plaintiffs are informed and believe, and thereon allege, that defendant SCOTT VAN DELLEN was President, Chief Executive Officer, and Interim Chief Credit Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Van Dellen is a resident of the state of California.

21. Plaintiffs are informed and believe, and thereon allege, that RICHARD KOON was Chief Lending Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Koon is a resident of California.

22. Plaintiffs are informed and believe, and thereon allege, that defendant KENNETH SHELLEM was Chief Compliance Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Shellem is a resident of the state of California.

23. Plaintiffs are informed and believe, and thereon allege, that defendant WILLIAM ROTHMAN was Regional Manager and Chief Loan Officer of IndyMac Bank, F.S.B.'s Home Builders Division. Plaintiffs are informed and believe, and thereon allege, that Mr. Rothman is a resident of the state of California.

24. Plaintiffs are informed and believe, and thereon allege, that JILL JACOBSON was Vice President of IndyMac Bank, F.S.B. and IndyMac ABS, Inc. Plaintiffs are informed and believe, and thereon allege, that Ms. Jacobson is a resident of the state of California.

25. Plaintiffs are informed and believe, and thereon allege, that defendant KEVIN CALLAN was Chief Executive Officer of IndyMac Securities Corp. Plaintiffs are informed and believe, and thereon allege, that Mr. Callan is a resident of the state of California.

26. Plaintiffs are informed and believe, and thereon allege, that IndyMac Bancorp, Inc., and each of its subsidiaries for which defendants were directors, officers or members of the Board of Management were headquartered and had their

COMPLAINT FOR INTERPLEADER

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1 principal place of business in Pasadena, California, and each of the defendants

2 conducted business in those offices during all time periods relevant to this

3 Complaint.

## JURISDICTION AND VENUE

5     27.    This action for interpleader arises under Federal Rule of Civil

6 Procedure 22.

7     28.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The

8 amount in controversy is insurance proceeds in excess of $75,000 per each insurer

9 and is between citizens of different states.

10     29.    Pursuant to 28 U.S.C. § 1391, venue is proper in this District because

11 the events giving rise to this dispute occurred within this District.

## THE 07-08 SIDE A POLICIES AND THEIR PROCEEDS

### The 07-08 Arch Side A Policy

14     30.    Arch provides coverage to the directors, officers, and members of the

15 Board of Management of IndyMac Bancorp, Inc., and its subsidiaries for the 07-08

16 Policy Period pursuant to the Arch Insurance Company Excess Insurance Policy No.

17 ABX0020231-00 (the "07-08 Arch Side A Policy"). Subject to its terms and

18 conditions, the 07-08 Arch Side A Policy provides $10 million in limits excess of

19 the $10 million in limits of an underlying Side A Policy issued by XL Specialty

20 Insurance Company ("XL") and $40 million in underlying limits provided by certain

21 ABC insurers who have paid their full limits.

### The 07-08 ACE Side A Policy

23     31.    ACE American Insurance Company likewise provides coverage to the

24 directors, officers, and members of the Board of Management of IndyMac Bancorp,

25 Inc., and its subsidiaries, for the 07-08 Policy Period pursuant to the ACE American

26 Insurance Company Policy No. DOX G21681647 002 (the "07-08 ACE Side A

27 Policy"). Subject to its terms and conditions, the 07-08 ACE Side A Policy provides

28 $10 million in limits in excess of $10 million in limits provided by the 07-08 Arch

1 Side A Policy, $10 million in limits provided by the 07-08 XL Side A Policy and

2 $40 million in underlying limits provided by certain ABC insurers who have paid

3 their full limits (the Arch and ACE Side A Policies are referred to herein as the "07-

4 08 Side A Policies").

## THE UNDERLYING CLAIMS AT ISSUE

### The Tripp Litigation

7      32.     Plaintiffs are informed and believe, and thereon allege, that the

8 shareholder class action filed March 12, 2007, by plaintiff Claude A. Reese is now

9 styled Wayman Tripp and Sven Mossberg v. IndyMac Bancorp, Inc. and Michael

10 W. Perry, United States District Court for the Central District of California Case No.

11 2:07-cv-1635-GW-VBK (the "Tripp Litigation"), pursuant to an order dated June

12 18, 2007, appointing Wayman Tripp and Sven Mossberg as the lead plaintiffs.

### The Daniels Litigation

14      33.     Plaintiffs are informed and believe, and thereon allege, that in 2008, the

15 following purported securities class action lawsuits were filed in the United States

16 District Court for the Central District of California against defendants Perry and

17 Keys:

18      • *Folsom v. IndyMac Bancorp, Inc., Perry and Keys*, Case No. 08-cv-
19        3812 (filed on June 11, 2008);

20      • *Ariel Investments Ltd. v. IndyMac Bancorp, Inc., Perry, and Keys*, Case
21        No. 08-cv-4302 (filed on June 30, 2008);

22      • *Yukelson v. Perry and Keys*, Case No. 08-cv-4591 (filed on July 14,
23        2008);

24      • *Mazal Investment Partners v. IndyMac Bancorp, Inc., Perry, and Keys*,
25        Case No. 08-cv-4923 (filed on July 28, 2008); and

26      • *Daniels v. Perry and Keys*, Case No. 08-cv-5073 (filed on August 1,
27        2008).

28      34.     Plaintiffs are informed and believe, and thereon allege, that on

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

7

September 12, 2008, the court consolidated the five actions into a single action under Case No. 08-cv-03812 (the "Daniels Litigation") and appointed Robert C. Daniels as the lead plaintiff.

### The FDIC HBD Litigation

35.    Plaintiffs are informed and believe, and thereon allege, that on March 27, 2009, Nossaman LLP, counsel for the FDIC, sent a letter to defendants Koon, Shellem, and Van Dellen regarding "Claims by FDIC Arising Out of The Home Builders Division ("HBD") of IndyMac Bank FSB ("IndyMac Bank")" (the "FDIC Letter"). The FDIC Letter stated that it was making a "demand for payment of civil damages . . . ."

36.    Plaintiffs are informed and believe, and thereon allege, that on July 2, 2010, the FDIC filed a complaint against defendants Shellem, Van Dellen, Koon, and Rothman in the United States District Court for the Central District of California in an action styled FDIC v. Van Dellen, et al., Case No. 2:10-cv-04915-DSF-SH (the "FDIC HBD Litigation").

### The Siegel Litigation

37.    On May 28, 2009, Alfred H. Siegel, the Chapter 7 Trustee of the estate of IndyMac Bancorp, Inc. ("Siegel") sent a letter to Plaintiffs in which Siegel stated that the estate "plans to pursue claims against the Officers and Directors of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B." (the "Siegel Letter"). Enclosed with the Siegel Letter were letters on behalf of Siegel to certain defendants, also dated May 28, 2009, stating that Siegel "intends to pursue a legal action."

38.    Plaintiffs are informed and believe, and thereon allege, that on November 13, 2009, Siegel initiated an Adversary Proceeding in the Central District of California Bankruptcy Court against defendants Caldera, Gramley, Grant, Haden, Hodel, Hunt, Kennard, Willison, and Perry styled Siegel v. Caldera, et al., Case No. 2:09-ap-2645-BB (the "Siegel Litigation").

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

COMPLAINT FOR INTERPLEADER

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

**The MBS Litigation**

39.     Plaintiffs are informed and believe, and thereon allege, that on January 20, 2009, IBEW Local 103 filed a complaint in California State Superior Court, Los Angeles County against defendants Abernathy, Olinski, Grover, Heyrick, and Woodsworth, and non-parties Lynette Antosh, and Raphael Bostic, among others, styled IBEW Local 103 v. IndyMac Bank MBS, Inc., Case No. BC405843 (the "IBEW Litigation"). The IBEW Litigation was subsequently removed to the United States District Court for the Central District of California, Case No. 09-cv-01520. The IBEW Litigation was voluntarily dismissed on May 21, 2009.

40.     Plaintiffs are informed and believe, and thereon allege, that on May 14, 2009, the Police and Fire Retirement System of the City of Detroit filed a complaint in the United States District Court for the Southern District of New York against defendants Olinski, Abernathy, Grover, Heyrick, and Woodworth, among others, styled Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc., et al., Case No. 09-cv-4583 (the "Detroit Action").

41.     Plaintiffs are informed and believe, and thereon allege, that on June 14, 2009, the Wyoming State Treasurer and Wyoming Retirement System filed a complaint in the United States District Court for the Southern District of New York against defendants Olinski, Abernathy, Grover, Heyrick, and Woodworth, among others, styled Wyoming State Treasurer, et al. v. Olinski, et al., Case No. 09-cv-5933 (the "Wyoming Action").

42.     Plaintiffs are informed and believe, and thereon allege, that the Detroit and Wyoming Actions were subsequently consolidated into a single action in the United States District Court for the Southern District of New York styled In re IndyMac Mortgage-Backed Securities Litigation, Case No. 09-civ-4583.

**The MBIA Litigation**

43.     Plaintiffs are informed and believe, and thereon allege, that on September 22, 2009, MBIA Insurance Corporation filed a complaint in California

COMPLAINT FOR INTERPLEADER

1  State Superior Court, Los Angeles County against defendants Perry, Keys,

2  Jacobson, and Callan, among others, styled MBIA Insurance Corporation v.

3  IndyMac ABS, Inc., et al., California Superior Court Los Angeles Case No.

4  BC422358 (the "MBIA Litigation").

5  **The Assured Guaranty Litigation**

6      44.    Plaintiffs are informed and believe, and thereon allege, that on

7  September 17, 2010, Assured Guaranty Municipal Corp. filed a complaint in

8  California State Superior Court, Los Angeles County against defendants Perry,

9  Keys, Jacobson, and Callan, among others, styled Assured Guaranty Municipal

10  Corp. v. UBS Securities LLC, et al., California Superior Court Los Angeles Case

11  No. BCC445785 (the "Assured Guaranty Litigation").

12  **The FDIC-R Litigation**

13      45.    Plaintiffs are informed and believe, and thereon allege, that on July 6,

14  2011, the Federal Deposit Insurance Corporation, filed a complaint in the United

15  States District Court for the Central District of California against defendant Perry,

16  styled Federal Deposit Insurance Corporation v. Michael Perry, Case No. 2:11-cv-

17  05561-ODW-MRW (the "FDIC-R Litigation").

18  **The SEC v. Perry Litigation**

19      46.    Plaintiffs are informed and believe, and thereon allege, that on

20  February 11, 2011, the Securities and Exchange Commission, filed a complaint in

21  the United States District Court for the Central District of California against

22  defendant Perry and Keys, styled Securities and Exchange Commission v. Michael

23  W. Perry and A. Scott Keys, Case No. CV11-01309-GHK (JCx) (the "SEC v. Perry

24  Litigation"; collectively, the Tripp Litigation, Daniels Litigation, FDIC HBD

25  Litigation, Siegel Litigation, MBS Litigation, Assured Guaranty Litigation, FDIC-R

26  Litigation, and SEC v. Perry Litigation are hereinafter referred to as the "Underlying

27  Claims").

28

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

## THE EMERGENCE OF COMPETING CLAIMS BY DEFENDANTS

47.  The Underlying Claims asserted against the Defendants have been the subject of a long-standing mediation presided over by mediator Hon. Daniel Weinstein of JAMS.  Because this mediation is subject to mediation privilege and confidentiality agreements, Plaintiffs are precluded from disclosing the details of the mediation process, other than as alleged below.

48.  On or before April 15, 2012, settlements were reached in the following cases for the following amounts, subject to court approval:

- Tripp Litigation - $5.5 million
- Daniels Litigation - $6.5 million
- FDIC-R Litigation - $11 million
- MBS Litigation - $6 million

49.  As of April 15, 2012, the full $10 million in limits of the policy immediately underlying the Plaintiffs' layers, issued by XL, were available, such that $40 million in 07-08 limits remained to respond to the 07-08 Settlements in the amount of $29 million and any defense costs which might have been incurred as of that date.

50.  On or about May 9, 2012, counsel for defendant William Rothman sought authority in a confidential amount from the Plaintiffs to be used in an attempt to settle the FDIC HBD Litigation claim as asserted against defendant Rothman (the "Rothman Matter").

51.  On or about June 19, 2012, the Plaintiffs were informed that the immediately underlying insurer, XL, was in receipt of over $11 million in defense expenses that various Defendants were requesting to be paid, an amount in excess of XL's $10 million limit of liability.

52.  On or about June 21, 2012, XL and the Plaintiffs collectively responded to the May 9, 2012 Rothman letter by stating, in part, as follows:  "… please confirm that Mr. Van Dellen, as well as the other defendants in the HBD action,

1   have no objections to the proposed settlement by Mr. Rothman, particularly given

2   that it will necessitate use of policy proceeds that would otherwise be used in the

3   ongoing defense of the HBD action."

4          53.    On or about June 25, 2012, Plaintiffs were informed by counsel for XL

5   that additional defense costs had been incurred, such that the total outstanding

6   defense costs and 07-08 Settlements exceeded the combined remaining limits

7   provided by XL and the Plaintiffs.

8          54.    On or about June 26, 2012, the Hon. R. Gary Klausner granted

9   summary judgment in favor of IndyMac's insurers providing coverage for the policy

10  period March 1, 2008 to April 1, 2009 ("the 08-09 Policy Period"). The effect of the

11  ruling is that the 07-08 policies are the only source of funding for the Underlying

12  Claims and 07-08 Settlements.

13         55.    On or about July 2, 2012, XL and Plaintiffs received correspondence

14  from counsel for defendants Koon, Shellem, and Van Dellem in which counsel

15  stated that they opposed the funding of the 07-08 Settlements on the basis that they

16  were insureds under the 07-08 Side A Policies and, if the amounts were paid, they

17  would have no coverage under the 07-08 Side A Policies for the FDIC HBD

18  Litigation.

19         56.    On or about July 5, 2012, XL and Plaintiffs received correspondence

20  from counsel for defendant Perry, Jean Veta of Covington & Burling, in which Ms.

21  Veta stated, among other things, that Mr. Perry objected to the Side A carriers'

22  funding of the settlement between the FDIC and Mr. Rothman.

23         57.    On or about July 11, 2012, counsel for XL advised counsel for

24  defendants Abernathy, Olinski, Heyrick, Grover and Woodworth that the XL

25  Specialty policy would be fully exhausted prior to the funding of the proposed

26  [IndyMac MBS] settlement and XL Specialty would not take part in the funding of

27  that settlement.

28         58.    On July 12, 2012, counsel for defendant Perry submitted to counsel for

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

12

1  Arch an invoice for payment in the total amount of $426,799.97.

2      59.    On the morning of July 13, 2012, counsel for XL advised counsel for

3  defendants Abernathy, Olinski, Heyrick, Grover and Woodworth that XL Specialty

4  had already received defense invoices (including the April/May invoices) that would

5  exhaust its policy, and their June invoice would not be paid with XL Specialty

6  policy proceeds.

7      60.    On the afternoon of July 13, 2012, counsel for Plaintiffs received an e-

8  mail from counsel for defendants Abernathy, Olinski, Heyrick, Grover and

9  Woodworth which stated that counsel was submitting Fairbank & Vincent's most

10  recent invoice to Arch for processing and payment.

11      61.    The Court issued its tentative preliminary ruling on the motion for

12  approval of the settlement of the Tripp Litigation, has requested supplemental

13  information, and has continued the hearing on preliminary approval to August 9,

14  2012.

15      62.    The settlement of the Daniels Litigation is set for a preliminary

16  approval hearing on July 30, 2012.

17                      **FIRST CAUSE OF ACTION**

18                 **(Interpleader of Insurance Proceeds)**

19      63.    Plaintiffs incorporate the allegations of paragraphs 1 through 62 above

20  as though fully set forth herein.

21      64.    Defendants are currently making competing demands for the proceeds

22  of the 07-08 Side A Insurance Policies. Defendants, and each of them, contend that

23  they are entitled to a portion of the proceeds of the 07-08 Side A Policies;

24  Defendants Koon, Shellem, and Van Dellem have specifically objected to the

25  funding of the 07-08 Settlements.

26      65.    The remaining proceeds of the 07-08 Side A Policies are insufficient to

27  satisfy the competing demands for funding of defense costs, the 07-08 Settlements,

28  and any settlement of the Rothman Matter (to which Defendant Perry has objected).

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

66.     Plaintiffs do not dispute coverage for the Underlying Claims under the 07-08 Side A Policies, and Plaintiffs do not seek to escape their obligation to pay the full limits of the 07-08 Side A Insurance Policies.

67.     Because the competing demands to the 07-08 Side A Policies exceed the remaining 07-08 policy limits of $30 million, and because Plaintiffs are unable to determine which Defendants should be entitled to the proceeds of the 07-08 Side A Policies, Plaintiffs request that this Court adjudge, declare and/or decree the following:

(a)     That an order be issued requiring Defendants to interplead their claims for proceeds from the 07-08 Side A Insurance Policies;

(b)     That an order be issued discharging the Plaintiffs from any liability to Defendants with respect to the 07-08 Side A Policies or their proceeds, except as determined herein;

(c)     That an order be issued authorizing and directing Plaintiffs to deposit the limits of their respective 07-08 Side A Policies with the Court;

(d)     That an order be issued permanently enjoining and restraining each of the defendants from instituting or prosecuting any action against the Plaintiffs in connection with the 07-08 Side A Insurance Policies and their proceeds;

(e)     Awarding Plaintiffs their costs and attorneys fees; and

(f)     Granting such other and further relief as the Court may deem proper.

///
///
///
///
///

COMPLAINT FOR INTERPLEADER

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone. (415) 365-9800

1  Dated: July 20, 2012                    CLYDE & CO US LLP

2

3                                   By: _____

4                                        Kim W. West
                                         Alec H. Boyd
5                                        Attorneys for ARCH INSURANCE
                                         COMPANY and ACE AMERICAN
6                                        INSURANCE COMPANY

7  791048

8

9

10

11

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INTERPLEADER